U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 26 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §    NO. 4:12-CV-427-A
                              §    (NO. 4:09-CR-149-A)
                              §
EDGAR ALBERTO RAMIREZ         §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Edgar Alberto

Ramirez, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence.  Movant also included with the motion a memorandum of

facts and law in support of his motion ("Memorandum").  The

government filed a response, and movant filed a reply.  Having

now considered all of the parties' filings, the entire record of

this case, and applicable legal authorities, the court concludes

that the motion should be denied.

I.

Background

On December 4, 2009, movant pleaded guilty to one count of

possession of a controlled substance with intent to distribute in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  On March 26,

2010, the court sentenced movant to 240 months' imprisonment,

followed by a five-year term of supervised release upon discharge

from prison.  Although movant appealed, the United States Court
of Appeals for the Fifth Circuit later granted the motion to
withdraw pursuant to Anders v. California, 386 U.S. 738 (1967),
filed by movant's appellate counsel, Jason Hawkins ("Hawkins").
United States v. Ramirez, 438 F. App'x 268 (5th Cir. 2011).

II.

### Grounds of the Motion

Movant asserted two grounds of relief claiming ineffective
assistance of his trial counsel, Jeffrey Cureton ("Cureton"), and
of Hawkins.  Movant's first ground alleges that Cureton was
ineffective for his advice which led to movant entering a guilty
plea that was involuntary and unknowing.  Movant's second ground
alleges that Hawkins failed to notify movant of his right to file
a supplemental Anders brief on direct appeal.

As the factual basis for ground one movant alleged he
pleaded guilty because Cureton promised him that by doing so his
sentence would be no greater than ten years, and based on
representations by Cureton that the government would file a
motion for downward departure at sentencing.  Movant contends
that Cureton never explained the possible enhancements to his
sentence for firearms or for importation of methamphetamine, and
also told movant that by pleading guilty he would receive credit

2

for acceptance of responsibility.

As factual support for his second ground movant contends that Hawkins failed to notify movant of his right to file a supplemental brief following the filing by Hawkins of his motion to withdraw and Anders brief.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

3

Unit A Sept. 21, 1981).

## IV.

### None of the Grounds Has Merit

A.   Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).   In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial.   Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697.   Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   Id. at 689.   Here, movant is entitled to no relief based on the alleged ineffective

4

assistance of counsel because he has failed to meet the standard
set forth by <u>Strickland</u>.

B.   <u>First Ground for Relief</u>

Movant claims that his guilty plea was unknowing and
involuntary because Cureton promised him that by pleading guilty
he would receive a sentence of no more than ten years, and
because Cureton failed to apprise him of the rights he was
relinquishing by pleading guilty, including the right to testify.
The record fails to support movant's contentions.

During movant's rearraignment hearing, the court explained
that the court would determine movant's penalty, whether he
pleaded guilty or proceeded to a jury trial.   Rearraignment Tr.
at 5.   The court explained that it was required to consider the
sentencing guidelines but could under some circumstances depart
from the guidelines, that it was not bound by facts stipulated
between the government and movant but could disregard such facts
or take into account facts not otherwise stipulated.   <u>Id.</u> at 7.
The court explained the presentence report and informed movant
that it relied heavily on that report in determining the sentence
to impose.   Movant testified that he understood all of the
court's explanations.   <u>Id.</u> at 6, 9.

The court also explained at length all of the constitutional

5

rights afforded movant if he pleaded not guilty, including the
right to decide whether or not to testify, and that a guilty plea
would cause him to waive such rights. Id. at 3-4. Movant
testified that he understood the court's explanations. Id. at 4,
6. The court further discussed the possible penalties movant
could face if he persisted in his guilty plea, including a term
of imprisonment of between five and forty years and payment of a
fine of two million dollars, and movant again testified he
understood. Id. at 20. The same penalties were clearly stated
in the factual resume, and the court confirmed that the factual
resume had been read to movant in his language, and that he had
understood it and discussed its legal significance with his
attorney. Id. at 13-15.

At movant's rearraignment hearing the following exchange
also occurred:

> THE COURT: All right. This is directed to the
> defendant.
> Has anyone made any promise or assurance to you of
> any kind in an effort to induce you to enter a plea of
> guilty in this case?
>
> THE DEFENDANT: No.

Id. at 19. The result of all of the foregoing is that movant
heard and understood all of the constitutional rights he would
waive if he pleaded guilty, as well as the possible sentencing

range to which he was subjected, and testified under oath that no one had promised him anything in an effort to cause him to plead guilty.

A criminal defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

To obtain habeas relief on the basis of an alleged promise that is inconsistent with movant's representations in open court requires movant to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has offered only his generalized conclusory assertions, unsupported by any evidence of the type contemplated by the Fifth Circuit, of the sentence purportedly promised by Cureton, and he is entitled to no relief on that claim.

7

C.    <u>Second Ground for Relief</u>

Movant's claim of ineffective assistance of appellate counsel is also without merit.  The basis of this claim is that Hawkins failed to notify movant of his right to file a supplemental brief following the filing by Hawkins of a motion to withdraw pursuant to <u>Anders</u>.  The record shows that Hawkins sent movant a copy of his motion to withdraw and <u>Anders</u> brief.  Staff of the Fifth Circuit subsequently sent movant a letter informing him of his right to file a response showing why the appeal had merit.  Movant acknowledges receipt of the letter but faults the Fifth Circuit for failing to provide the letter in Spanish. However, movant cannot show that Hawkins provided ineffective assistance based on actions or failures to act by the appellate court, and he is entitled to no relief on that basis.

Further, in granting Hawkins's motion to withdraw, the Fifth Circuit concluded that movant's "appeal presents no nonfrivolous issue for appellate review." <u>Ramirez</u>, 438 F. App'x at *1. Movant has failed to identify any non-frivolous issue he could have raised had he filed a response to Hawkins's motion, and he has thus failed to show a reasonable probability that, but for counsel's errors, the result of the appeal would have been different.  <u>Sharp v. Puckett</u>, 930 F.2d 450, 453 (5th Cir. 1991).

V.

ORDER

Therefore,

The court ORDERS that the motion of Edgar Alberto Ramirez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 26, 2012.

JOHN McBRYDE
United States District Judge

9